This is an action to recover on a contract attached to and made a part of a policy of insurance issued by the defendant on the life of Walton E. Padgett, husband of the plaintiff, who is named as the beneficiary in said policy. The contract is in words and figures as follows:
"ACCIDENTAL DEATH BENEFIT
Benefit payable in the event of death from accident as herein limited and provided. Supplementary contract attached to and made part of life insurance policy No. 3821917-A, issued on the life of Walton E. Padgett.
METROPOLITAN LIFE INSURANCE COMPANY
In consideration of the application for this contract, as contained in the application for said policy, the latter being the basis for the issuance hereof, and in consideration of six dollars and forty cents, payable annually as an additional premium herefor, such payment being simultaneous with and under the same conditions as the regular premium under the said policy, except as hereinafter provided,
Hereby agrees to pay to the beneficiary or beneficiaries of record under said policy, in addition to the amount payable according to the terms of said policy, the sum of six thousand dollars, upon receipt, at the home office of the company in the city of New York, of due proof of the death of the insured as the result, directly and independently of all other causes, of bodily injuries sustained through external, violent, and accidental means, provided (1) that such death shall have occurred while said policy and this supplementary contract are in full force, and prior to the anniversary date of said policy nearest to the sixty-fifth birthday of the insured; and (2) that all premiums under said policy and this supplementary contract shall have been duly paid; and (3) that said policy shall not then be in force by virtue of any nonforfeiture provision thereof; and (4) that death shall have ensued within ninety days from the date of such injuries; and (5) that death shall not have been the result of self-destruction, whether sane or insane, or caused by or contributed to, directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity; and (6) that death shall not have resulted from bodily injuries sustained while participating in aviation or aeronautics, except as a fare-paying passenger, nor while the insured is in the military or naval service in time of war, nor as the result of violation of law by the insured."
The insured, Walton E. Padgett, died on 31 October, 1932. At said date, both the policy of insurance and the contract attached thereto were in full force and effect, according to their terms. The death of the insured resulted, directly and independently of all other causes, from *Page 366 
bodily injuries sustained by him while riding in an aeroplane, owned and driven by E. H. Byars, Jr., from Lincolnton, N.C. to Charlotte, N.C. The fatal injuries were sustained through external, violent and accidental means.
The defendant admitted liability to the plaintiff under the provisions of the policy, and paid to her the amount thereof. It denied liability under the contract on the sole ground that the insured was not a farepaying passenger in the aeroplane at the time he sustained the injuries which resulted in his death.
At the close of all the evidence, the court being of opinion that there was no evidence tending to show that the insured was a fare-paying passenger in the aeroplane at the time he sustained his fatal injuries, allowed defendants motion for judgment as of nonsuit, and plaintiff appealed to the Supreme Court.
At the trial of this action it was admitted by the defendant that the death of Walton E. Padgett, the insured, was the result, directly and independently of all other causes, of bodily injuries sustained by him through external, violent and accidental means, to wit: the crash of an aeroplane in which he was riding and which was owned and driven at the time of the accident by E. H. Byars, Jr. The defendant denied liability to the plaintiff under the supplementary contract solely upon the ground that the death of the insured resulted from bodily injuries sustained by him while participating otherwise than as a fare-paying passenger, in aviation or aeronautics.
All the evidence tended to show that at the time he sustained his fatal injuries, the insured was participating in aviation or aeronautics. He was riding in an aeroplane, en route from Lincolnton, N.C. to Charlotte, N.C. There was no evidence tending to show that the insured was a fare-paying passenger. He was riding in the aeroplane with his employer, E. H. Byars, Jr., who held a private pilot's license, issued to him by the United States Department of Commerce. It was expressly provided in said license that the holder thereof was not authorized to transport persons or property, for hire. All the evidence showed that the insured was riding with his employer, upon the latter's invitation, and that no fare was paid or contemplated by either. There was no error in the judgment dismissing the action. It is
Affirmed. *Page 367